| | |
|---|---|
| ERIC GILES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN STEPHEN HINDSMAN, JR., )<br>Individually and in his capacity as )<br>Assistant District Attorney for the )<br>Thirtieth Judicial District (now )<br>Judicial District 43); and ASHLEY )<br>WELCH, Individually and in her )<br>capacity as District Attorney for the )<br>Thirtieth Judicial District (now )<br>Judicial District 43), )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 5]; the Magistrate Judge's Memorandum and Recommendation [Doc. 9] regarding the disposition of those motions; and the parties' Objections to the Memorandum and Recommendation [Docs. 10, 11].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a

recommendation for its disposition. On April 14, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' motion be granted in part and denied in part. [Doc. 9]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. The parties timely filed their respective Objections on April 28, 2022. [Docs. 10, 11]. The Defendants filed a Reply to the Plaintiff's Objection on May 12, 2022. [Doc. 12]. This matter is now ripe for disposition.

In their Motion to Dismiss, the Defendants argued *inter alia* that the Plaintiff's equal protection claim should be dismissed because the Plaintiff had failed to allege a property interest in his continued public employment as a deputy sheriff. [Doc. 6 at 21]. The Defendants, however, did not make any argument specific to the elements of an equal protection claim. Accordingly, the Magistrate Judge recommended that the Defendant's Motion be denied as to this claim. [Doc. 9 at 15].

In their Objections, the Defendants take issue with the Magistrate Judge's recommendation that their motion should be denied with respect to the Plaintiff's equal protection claim. In so doing, they assert, for the first

time, that the claim should be dismissed because the Plaintiff failed to adequately allege the essential elements of such a claim. [Doc. 11 at 9-15].

The Federal Magistrate Act requires a district court to "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug. 12, 1992). Thus, even though the Defendants did not raise this argument previously in their motion to dismiss, the Court may consider such argument in the course of conducting its de novo review of the Memorandum and Recommendation.

Generally, to state an equal protection violation under 42 U.S.C. § 1983, a plaintiff must allege that similarly situated individuals were treated differently and that this unequal treatment was the result of intentional or purposeful discrimination. See Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020). In his Complaint, the Plaintiff alleges, "upon information and

3

belief," that the Defendants gave "oral 'Giglio'[1] directives" to some Sheriffs in their district that their office would not call a particular deputy sheriff to testify due to "previous alleged bad conduct" [Doc. 1-1 at ¶ 67], but that the Defendants nevertheless routinely used deputy sheriffs who had received an oral Giglio directive as a witness in criminal cases and did not make required Giglio disclosures to the criminal defendant. [Id. at ¶ 69]. In making these allegations, the Plaintiff fails to allege that he is "similarly situated" because he does not assert any facts to inform the Court or the Defendants how these other deputy sheriffs' "alleged bad conduct" is similar to his. The Plaintiff also does not assert any facts that allege what the deputy sheriffs did or said and how those matters are similar to the Plaintiff's. The Plaintiff fails to provide any information about these other deputy sheriffs to inform the Court that the Defendants possessed similar information about these deputy sheriffs as the Plaintiff and treated the Plaintiff differently. Without this information, the Plaintiff has failed to plausibly allege that he is similarly situated with these other deputies.[2] Accordingly, for these reasons, the

---

[1] Giglio v. United States, 405 U.S. 150 (1972).

[2] Even if the Plaintiff could establish that these deputies were similarly situated, the Plaintiff's own allegations suggest that he was *not* treated differently from these deputes. [See Doc. 1-1 at ¶ 68 ("One or more of the Deputy Sheriffs had their employment terminated as a result of the oral "Giglio" directives sent to their employers.").

Court concludes that the Plaintiff's equal protection claim should be dismissed.

Having considered the other Objections asserted by the parties, and after a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's other proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections in whole, overrules the Defendants' Objections in part, and sustains the Defendants' Objections with respect to the Plaintiff's equal protection claim.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 10] are **OVERRULED**; the Defendants' Objections [Doc. 11] are **OVERRULED IN PART** and **SUSTAINED IN PART**; and the Magistrate Judge's Memorandum and Recommendation [Doc. 9] is **ACCEPTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 5] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Defendants' Motion is **GRANTED** to the extent that the Plaintiff's claims for monetary damages and the Plaintiff's claims

for injunctive relief based on the violation of his due process and equal protection rights are **DISMISSED WITH PREJUDICE**.

(2) The Defendants' Motion is **DENIED** as to the Plaintiff's claim for injunctive relief based on a violation of his First Amendment rights.

**IT IS SO ORDERED.**

Signed: June 6, 2022

Martin Reidinger
Chief United States District Judge